easterly part, hereinbefore described as having been permanently obstructed by a building or shed, and that on said last-mentioned day he obtained from the owner of the fee a conveyance thereof, and perpetually enjoining the defendant from building thereon, or in any manner obstructing the plaintiff's free use and enjoyment thereof, in common with the defendant, as an open alley, and requiring and commanding the defendant to remove all obstruction heretofore placed therein by him, and to restore the premises to their condition at the time he first entered thereon, within 30 days after notice of entry of judgment herein, and for costs of the action, to be taxed by the clerk.

Ordered accordingly.

(25 App. Div. 355.)

### CLANCY v. GUARANTY CONST. CO.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

MASTER AND SERVANT—ASSUMED RISK—CONTRIBUTORY NEGLIGENCE.

An employé walked on a narrow beam on the fourth story of an incomplete building, and where he was in danger of falling to the basement, to a point in front of an elevator, which struck him, throwing him to the ground. He had worked upon such structures, and knew the location of the elevator and the danger of his position. *Held,* that he could not recover for his injuries, though the master did not provide guards for the elevator or warn the servant of his danger.

Appeal from trial term, Erie county.

Action by Thomas Clancy against the Guaranty Construction Company. Judgment for plaintiff. Defendant appeals. Reversed.

Plaintiff was a day laborer, and was walking on the fourth floor of an incomplete building, and was sent to get certain planking used for scaffolding, and was unable to reach it without walking on a beam, about four inches wide on the top, and near an elevator used for carrying loaded material, and was struck by the elevator while walking on the beam, and thrown to the ground. It was in evidence that there were no guards about the elevator, or notices in the building in regard to them. Plaintiff knew that there were elevators in the building, but testified that he did not know exactly where they were situated.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Harry D. Williams, for appellant.
Loran L. Lewis, Jr., for respondent.

PER CURIAM. The negligence alleged against the defendant is that it failed to provide a safe place for its employés to work in, and that it was negligent in not notifying the plaintiff of the place of elevators and the danger in approaching them, and in not providing guards or railings about the elevators so as to prevent such consequences as followed to the plaintiff. The rule thus invoked does not apply to this case. The work in which the plaintiff was engaged was evidently hazardous. The place where he was working was in process of construction. It was incomplete at the time of the accident. The plaintiff had knowledge of the conditions surrounding him, and of the dangers attending his employment, and was called upon to exercise the

care commensurate with his situation, and accepted by his employment at such a place the risks of the situation. Sharpsteen v. Mining Co., 3 App. Div. 148, 38 N. Y. Supp. 49; Kennedy v. Railway Co., 145 N. Y. 288, 294, 39 N. E. 956; Williams v. Railroad Co., 116 N. Y. 628, 22 N. E. 1117; Beique v. Hosmer (Mass.) 48 N. E. 338.

The main facts of the case are not in dispute. The foregoing statement fairly indicates them. It is true that the plaintiff testified, upon his direct examination, in effect, that he did not know that there were elevators in the building, and had not seen them; but he also testified to facts which point clearly to his knowledge of the elevators, and he finally admitted, on cross-examination, that he knew that there were elevators in the building, but that he did not know exactly where they were. It is clear, from the whole evidence, that the plaintiff must have known of the existence of the elevators, and about where they were located. The plaintiff's witness Sullivan testified:

"A man could plainly see the elevators going up and down. There was a good light all around these elevators. There was nothing to obstruct the view of any person standing on the floor, so far as seeing the elevators was concerned. You could see the elevators right in front of him, looking that way. You could see them from anywhere on the floor, unless you happened to be so far on either side of the court that the court obstructed your view."

This evidence is fully sustained by the other witnesses in the case. The plaintiff's freedom from contributory negligence was not established. His proceeding to walk right in front of the elevators, upon a beam but three inches and a half wide on the top, when all around him were holes through which he could be precipitated to the basement story below by the least misstep, was negligence per se on his part.

Upon the facts, therefore, we must reverse this judgment. It is unnecessary to consider the other points raised by the counsel for the appellant. The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event.