CLANCY v. GUARANTY CONST. CO. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Thomas Clancy against the Guaranty Construction Company. No opinion. Motion to amend the order so that it shall read as follows, "Judgment and order reversed on the exceptions, not on the facts," granted. See 50 N. Y. Supp. 800.

CLEMENT et al., Appellants, v. CITY OF NIAGARA FALLS, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Frank H. Clement and others against the city of Niagara Falls. No opinion. Judgment affirmed, with costs.

CLEMENTS, Respondent, v. VILLAGE OF JORDAN, Appellant. (Supreme Court, Appellate Divison, Fourth Department. March 26, 1898.) Action by Anna M. Clements against the village of Jordan. No opinion. Judgment and order affirmed, with costs.

COHN, Respondent, v. MARX et al., Appellants. (Supreme Court, Appellate Term. May 3, 1898.) Action by Harry Cohn against Ferdinand Marx and another. Ezekiel Fixman, for appellants. A. E. Hagemann, for respondent.

PER CURIAM. In support of the counterclaim for materials claimed to have been furnished by the defendants to the plaintiff, a book kept by the former, containing entries of sundry articles of merchandise, and a cash payment of $10 opposite thereto, was admitted in evidence upon the defendants' offer. The plaintiff, in rebuttal, testified that said sum was deducted from his earnings by the defendants for shoes sold and delivered; and upon his offer certain bills rendered by the latter for such sales were admitted in evidence, and marked "Plaintiff's Exhibit No. 1." These bills are not attached to the return, as they should be, and hence a reargument must be ordered, the return to be amended meanwhile by annexing thereto said exhibit.

CORCORAN, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by James W. Corcoran against the New York Central & Hudson River Railroad Company. No opinion. Motion granted. See 45 N. Y. Supp. 861, and 49 N. Y. Supp. 861.

COSTELLO, Respondent, v. COSTELLO, Appellant. (Supreme Court, Appellate Division, First Department. April 22, 1898.) Appeal from special term. Action by S. Caroline Costello against John H. Costello. From an order directing defendant to serve bill of particulars he appeals. Modified. J. Delahunty, for appellant. M. Schaap, for respondent.

PER CURIAM. We think that the statement produced upon the argument of the motion, and which is designated a bill of particulars, furnishes the plaintiff with all the information to which she is entitled; and upon the defendant serving on the plaintiff such paper as a bill of particulars, and paying $10 costs of the motion below, the motion for further particulars should be denied. The order appealed from should be modified accordingly, without costs of this appeal to either party.

COTTLE et al., Appellants, v. MARINE BANK OF BUFFALO, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Octavius O. Cottle and another, as executors, etc., against the Marine Bank of Buffalo. No opinion. Judgment affirmed, with costs.

CURTIS, Respondent, v. VAN BERGH et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Wendell J. Curtis, as assignee for the benefit of creditors of Sidney B. Roby, against Frederick W. Van Bergh and another. No opinion. Judgment affirmed, with costs.

DE LA PIECHARDIERE, Respondent, v. ROPES, Appellant. (Supreme Court, Appellate Division, First Department. April 15, 1898.) Action by Aldrick De La Piechardiere against Charles H. Ropes. J. H. Clapp, for appellant. A. Gilhooly, for respondent. No opinion. Judgment and order affirmed, with costs.

DONNELL, Appellant, v. MAGNOLIA METAL CO., Respondent. (Supreme Court, Appellate Division, First Department. March 25, 1898.) Action by Harry E. Donnell against Magnolia Metal Company. L. A. Gould, for appellant. A. S. Bacon, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.